Felix J. CAMPBELL, Jr.

v.

SONAT OFFSHORE DRILLING, INC., et al.

Civ. A. No. 89-2405.

United States District Court, W.D. Louisiana, Lafayette Division.

May 4, 1993.

W. Noland Thomas, Martzell Thomas & Bickford, Houma, LA, for Felix J. Campbell, Jr. and Annette V. Campbell.

Mark A. Lowe, Liskow & Lewis, John C. Jones, Voorhies & Labbe, Michael W. Adley, Juneau Judice Hill & Adley, P.L.C., Patrick A. Juneau, Jr., Juneau Judice Hill & Adley, P.L.C., Lafayette, LA, for Sonat Offshore Drilling, Inc.

Gary P. Kraus, Douglas W. Truxillo, Onebane Donohoe Bernard Torian Diaz McNamara & Abell, Lafayette, LA, for Bruce Boat Rentals, Inc.

Mark A. Lowe, Liskow & Lewis, John C. Jones, Voorhies & Labbe, Lafayette, LA, Edward D. Burbach, Griggs & Harrison, Houston, TX, for Union Texas Petroleum Corp.

Dennis Joseph Vidrine, Jeansonne & Briney, Lafayette, LA, for Ray Charles Edmiston.

W. Gerald Gaudet, John C. Jones, Voorhies & Labbe, Gregory M. Attrep, Lafayette, LA, Edward A. Tucker, MacNaughton Burdzinski & Company, Bellaire, TX, for Franks Casing Crew & Rental Tools, Inc.

Susan A. Daigle, Broussard David & Daigle, Lafayette, LA, for Lloyds of London.

Philip Eugene Roberts, Roy Bivins Judice & Henke, Lafayette, LA, for Aetna Cas. & Sur. Co.

## RULING

NAUMAN S. SCOTT, District Judge.

Before the court is a Motion for Summary Judgment filed by defendant, Union Texas Petroleum Corporation (UTP), which seeks a dismissal of the cross-claims asserted by third party defendants, Frank's Casing Crew & Rental Tools, Inc. (Frank's) and Certain Underwriters at Lloyds (Lloyds) against UTP. Frank's and Lloyds have filed cross-motions for summary judgment seeking a declaration that UTP is a co-indemnitor of defendant, Sonat Offshore Drilling, Inc. (Sonat) by virtue of UTP's contractual obligation to indemnify Sonat.

### Facts and Procedural History

UTP and Sonat entered into a daywork drilling contract wherein Sonat agreed to drill a well in federal waters off the Louisiana coast. The contract provided that UTP would fully indemnify Sonat against all claims against Sonat arising in connection with the contract. In order to assist in the drilling operations, UTP also contracted with Frank's which provided drive pipe, hammer work and casing crew services. On December 10, 1988, Felix Campbell, a welder employed by Frank's, was allegedly injured while he was transferring to a drilling vessel called the OFFSHORE TAURUS, operated by Sonat. Mr. Campbell brought suit against UTP, Sonat, and Bruce Boat Rentals, Inc. seeking recovery for compensatory and punitive damages. Having assumed Sonat's defense of Campbell's claims, UTP brought third-party claims for indemnity against Frank's and its insurers, Lloyds, pursuant to the UTP/Frank's contract (Purchase Order No. 86–0805) which governed Mr. Campbell's activities at the time of the accident. Finding that this purchase order required Frank's to indemnify both UTP and Sonat, we granted UTP's summary judgment motion on its third party complaint in our Ruling of August 2, 1991, affirmed by the Fifth Circuit Court of Appeals in a decision rendered December 30, 1992.

### UTP's Motion and Frank's Cross–Motion

UTP now seeks summary judgment to dismiss Frank's contribution claim. UTP claims that Frank's possesses no contribution

rights since Frank's is obligated to *fully* defend and indemnify UTP and Sonat against the claims asserted by Mr. Campbell. In their cross-motions, however, Frank's and Lloyds claim that UTP's separate agreement to indemnify Sonat under the daywork drilling contract constitutes a contractual obligation which is outside of the scope of Frank's indemnity obligation to UTP. The result, Frank's argues, is that UTP and Frank's are co-indemnitors each liable for 50% of the amount for which Sonat may be liable.

We hold that Frank's agreement to indemnify UTP included UTP's obligation to Sonat as well as to its other contractors, and thus, Frank's owes full indemnity to UTP without rights of contribution. The prior rulings by this court and the Fifth Circuit on the indemnity issue clearly hold that Frank's agreed to indemnify both UTP and Sonat under the terms of the UTP/Frank's contract. Under the "law of the case doctrine," Frank's may not contend that UTP's contractual obligation to indemnify Sonat operates to reduce Frank's indemnity obligation.[1] In addition, the case of *Mills v. Zapata Drilling Co.,* 722 F.2d 1170 (5th Cir.1983) is factually similar to the instant case and provides ample authority to dismiss Frank's cross claim. According to *Mills,* because Frank's expressly agreed to indemnify both UTP and Sonat, there is no basis in reason or authority to apply "the quite irrelevant rules which Louisiana applies in situations between contractual co-indemnitees is appropriate."[2] Thus, we reject the contribution claims asserted by Frank's and Lloyds.

We believe that our conclusion is also in accordance with *Corbitt v. Diamond M. Drilling Co.,* 654 F.2d 329 (5th Cir.1981) where the Fifth Circuit stated that "express notice is required where a party seeks to shift his contractual liability to indemnify a third party." *Id.* at 333; *Foreman v. Exxon Corporation,* 770 F.2d 490, 496 (5th Cir. 1985). Unlike the indemnity provisions at issue in *Corbitt* and *Foreman,* the UTP/

Frank's purchase order *expressly* names UTP's "contractors" (including Sonat) as indemnitees. Thus, Frank's unequivocally agreed to indemnify UTP against claims arising from UTP's separate contractual obligations.

Accordingly, UTP's Motion for Summary Judgment to dismiss Frank's cross-claim for indemnity is hereby **GRANTED.** Frank's and Lloyds' Cross–Motions for Summary Judgment are hereby **DENIED.**

---

**1.** *See, Terrell v. Household Goods Carriers' Bureau,* 494 F.2d 16, 19 (5th Cir.1974) ("[T]he duty of a lower court to follow what has been decided at an earlier stage of the case comprehends things decided by necessary implication as well as those decided explicitly.").

